UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT W. DAVIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil No.  3:04CV1211 (MRK) |
| | : |
| WASHINGTON MUTUAL, INC. and | : |
| WASHINGTON MUTUAL BANK, FA, | : |
| | : |
| Defendants. | : |

**Ruling and Order**

Plaintiff Robert W. Davis alleges that David Kania called Defendant Washington Mutual Bank (operated by Defendant Washington Mutual, Inc.) and that Mr. Kania, pretending to be Mr. Davis, withdrew $170,000 from Mr. Davis's account.  Plaintiff sues Defendants for negligence, breach of contract, bailment, and violation of Conn. Gen. Stat. §42a-4A-101 et seq. (regulating funds transfers).  Plaintiff originally filed suit in federal court, but Judge Underhill dismissed the case for lack of diversity jurisdiction.  *See Davis v. Kania, et al.*, No. 03-cv-1315 [doc. #30].  Plaintiff next filed a complaint in Connecticut Superior Court, and Defendants then removed the action to federal court.  Plaintiff now seeks a remand to state court, arguing that this Court lacks subject matter jurisdiction.  *See* Plaintiff's Motion to Remand [doc. # 37].  Defendants oppose the remand, and in the alternative argue that this Court should find that a remand would be futile, because Plaintiff's claims are time-barred and therefore should be dismissed with prejudice.  *See* Defendants' Motion to Dismiss [doc. # 20].  For the reasons stated, the Court GRANTS Plaintiff's Motion to Remand [doc. # 37] and DENIES Defendants' Motion to Dismiss [doc. # 20] without prejudice to renewal in state court.

In removing this action from state to federal court, Defendants invoked the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693 *et seq.*, which applies to "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." *Id.* § 1693a(6). However, the EFTA does not apply to "any transfer of funds which is initiated by a telephone conversation between a consumer and an officer or employee of a financial institution which is not pursuant to a prearranged plan and under which periodic or recurring transfers are not contemplated." *Id.* § 1693a(6)(E). "The presence of personal contact with bank personnel who intercede between a consumer and the electronic device used to facilitate a transaction removes that transaction from the scope of the [EFTA]." *Watcher v. Denver Nat'l Bank*, 751 F. Supp. 906, 908 (Colo. 1990); *see Bank of America v. City and County of San Francisco*, 309 F.3d 551, 564 (9th Cir. 2002) (noting that "the 'absence of any human contact' in electronic fund transfers . . . 'motivated Congress to pass the EFTA'" quoting *Kashanchi v. Texas Commerce Med. Bank*, 703 F.2d 936, 940-41 (5th Cir.1983)); *Spain v. Union Trust*, 674 F. Supp. 1496, 1500 (D. Conn. 1987) ("The presence of human contact takes this transaction out of the scope of the Act.").

Here, Plaintiff alleges that the funds in question were transferred from his account as a result of a telephone conversation between Mr. Kania and an employee of the bank. *See* Complaint [doc. # 1] at ¶¶ 11-12 ("On August 9, 2001, David J. Kania telephoned Washington Mutual and directed the bank to electronically transfer $170,000.00 from account number 861-466032-7 to another account."). Defendants do not dispute this, and in any event any doubt whether this action should be remanded back to state court due to lack of subject matter jurisdiction should be resolved in favor of remand. *See Sterling Fifth Associates v. Carpentile Corp., Inc.*, No. 03 Civ.6569, 2003 WL

22227960, at *1 (S.D.N.Y. Sept. 26, 2003) ("In resolving a motion to remand, courts must be mindful of considerations of federalism and the limited jurisdiction conferred on subject matter jurisdiction courts and should strictly construe[ ] the federal removal statute, resolving all doubts in favor of remand.") (internal quotation marks omitted) (alteration in original); *Vasura v. Acands*, 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000) (same). Accordingly, the EFTA does not govern the allegations of this complaint, and since all of the causes of action pleaded in the complaint are based upon state law, the Court lacks subject matter jurisdiction over the Complaint.

In resisting a remand, Defendant expends most of its brief explaining why Defendants properly removed the action in light of a reference to electronic transfers in the Complaint. However, whether the action was initially removed properly or not is beside the point. For 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added). Because it is now clear that the Court lacks subject matter jurisdiction over Plaintiff's claims, the Court remands the case to state court regardless of whether it was properly removed at the outset. *See Stokrocki v. Vannest*, No. 98 Civ. 689, 1998 WL 677621, at *2 (S.D.N.Y. Sept. 30, 1998) (noting that a properly removed case is to be remanded where the court discovers that it lacks subject matter jurisdiction).

Defendants argue that even if the Court finds that it lacks subject matter jurisdiction, it should dismiss the case rather than remand under the "futility exception" to the remand statute, under which a case should be dismissed without prejudice rather than remanded if it appears a remand would be futile since the plaintiff would lose anyway. Defendants argue that a remand would be futile in this case because all Plaintiff's claims are time-barred under the terms of the parties' banking agreement, which requires bank customers to commence any action within one year after the cause of action

3

accrues.  *See* Mem. of Law in Opp. to Mot. to Remand to State Court [doc. # 39] at 7-8.

In *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72 (1991), the Supreme Court declined to apply a futility exception to the remand statute where there were unresolved legal questions that remained in the case.  In so ruling, the Supreme Court "t[ook] note . . . of the literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case '*shall* be remanded.' 28 U.S.C. § 1447(c) (emphasis added)." *Id.* at 89 (internal quotation marks and citations omitted).  The Second Circuit has not made clear whether a futility exception to the remand statute is ever appropriate.  In *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37 (2d Cir. 1991), the Court stated that "in order to avoid any potential futility exception to the explicit remand direction of 28 U.S.C. § 1447(c) (1988), we need only conclude that it is not certain that section 1346(b) would bar state court jurisdiction in the event of a remand." *Id.* at 43.  More recently, noting the Supreme Court's discussion in *International Primate Protection League*, the Second Circuit suggested that a futility exception may never be appropriate.  *See Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 56 n.4 (2d Cir. 1996).

The Court need not decide whether a futility exception is ever appropriate in the context of § 1447(c), because Plaintiff's causes of action all sound in state law, and there are unresolved issues of state law regarding the timeliness of the action that must be considered by the Connecticut courts, not this Court.  *See International Primate Protection League*, 500 U.S. at 89; *Mignogna*, 937 F.2d at 43.  Therefore, the Court declines to dismiss this action rather than remand it.

Accordingly, the Court GRANTS Plaintiff's Motion to Remand [doc. # 37] and DENIES

Defendants' Motion to Dismiss [doc. # 20] without prejudice to renewal in state court.[1]  **The Clerk is directed to remand the case to state court and to close the file.**

IT IS SO ORDERED,

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **November 8, 2005.**

---

[1] The Court also DENIES as moot Application for Prejudgment Remedy [doc. #23].